# RALEIGH POLICE DEPARTMENT DISCIPLINARY ACTION FORM
Rev. 10/2010

**Date:** 07/30/2017     **Time:** 0100     **IAU Number:** I2017-017

**Officer Involved:** Officer P.D. Lands (#3388)

**Law, Regulation, or Procedure Violated:** Conduct Unbecoming: DOI 1104-02 (Deportment, Appearance and Wearing of Police Uniform)

**Facts:** Officer Lands was off duty and consuming alcohol at a local bar when his sister became involved in an incident that he felt required the assistance of law enforcement. Officer Lands located the off duty Wake County Deputy working the venue and identified himself as a Raleigh Police Officer when he felt as though the Deputy was not providing the appropriate service. During the subsequent conversation, Officer Lands was reported as being disrespectful to the point of almost being arrested for drunk and disruptive behavior by the Deputy. Additionally, Officer Lands' behavior was such that the Deputy contacted an on duty Wake County supervisor to discuss the situation. The Wake County Sergeant spoke with Officer Lands via the deputy's cell phone, and indicated he would be responding to the scene with the RPD Watch Commander if the behavior didn't cease. Ultimately, the Watch Commander was notified of the activities by the Wake County Sheriff's Department Sergeant.

While Officer Lands was certainly within his rights as a citizen to request police assistance, when he did not receive the services he believed the deputy should have provided, there were more appropriate avenues to address the situation. Conducting himself in such a manner that a supervisor from another department had to become involved, is not conduct expected of a Raleigh Police Officer.

This reprimand will serve as a reminder to Officer Lands of his responsibility to conduct himself in a courteous and respectful manner at all times while on and off duty. This requirement is especially important after identifying oneself as a Raleigh Police Officer. Berating and questioning another law enforcement officer who is attempting to carry out the duties of his/her job is not acceptable behavior and will not be tolerated. Any additional violations of this policy will result in progressive discipline, up to and including termination.

**Reporting Officer(s):** RPD IAU

**Action Recommended:** Written reprimand recorded on a Departmental Disciplinary Action Form (no associated suspension).

**Professional Standards Major:** Approved ☒     Disapproved ☐     Other Action ☐

*K.H. Rigsbee*

**Chief of Police:** Approved ☒     Disapproved ☐     Other Action ☐

Concur - Written reprimand recorded on a Departmental Disciplinary Action Form (no associated suspension).

*L.C. Cooper, Deputy Chief*     **Date:** 1-8-2017

Chief of Police

**Action Taken:** Written reprimand recorded on a Departmental Disciplinary Action Form (no associated suspension). Subsequent offenses regarding allegations of a similar nature may result in progressive discipline, up to and including termination.

**Officer's Statement:**

_____
Officer's Signature

Date Served: 2/15/18

City MSJ
Exhibit D-2

# RALEIGH POLICE DEPARTMENT DISCIPLINARY ACTION FORM
Rev. 10/2010

**Date:** March 3, 2017    **Time:** 0330    **IAU Number:** C2017-008

**Officer Involved:** Officer P.D. Lands

**Law, Regulation, or Procedure Violated:** Poor Judgment, RPD DOI Violations: 1100-01 (Executive Policies, 1104-02 (Deportment, Appearance and Wearing of Police Uniforms), 1106-01 (Confidentiality and Release of Information), and 1109-10 (Traffic Enforcement)

**Facts:** Officer Lands utilized poor judgment and violated several RPD policies when he texted a DWI arrestee's personal and arrest information to a mutual friend. Additionally, Officer Lands texted information concerning the arrestee's behavior during the arrest and booking process. This information was then disseminated to other people the arrestee knows through business contacts. This release of information by Officer Lands was not for a law enforcement purpose and it caused additional stress and humiliation to the arrestee. Officer Lands' actions were not in compliance with DOI and it is not conduct expected of an officer.

Additionally, during the IA investigation, it was discovered Officer Lands was in violation of RPD DOI 1109-10 by not submitting his DWI paperwork to records as required by policy. Specifically, 32 packets of DWI paperwork were located in Officer Lands' assigned vehicle by IA personnel.

This reprimand will serve as a reminder to Officer Lands that his conduct as an officer must be beyond reproach and releasing sensitive information for non-law enforcement purposes will not be tolerated. Additionally, RPD policies concerning DWI paperwork and evidence should be followed. Subsequent offenses regarding similar DOI violations may result in progressive discipline, up to and including termination.

**Reporting Officer(s):** RPD IAU

**Action Recommended:** Written reprimand recorded on a Departmental Disciplinary Action Form with no associated time off. Transfer from Special Operations to Field Operations.

**Professional Standards Major:** Approved ☒    Disapproved ☐    Other Action ☐

**Chief of Police:** Approved ☒    Disapproved ☐    Other Action ☐

Concur - Written reprimand recorded on a Departmental Disciplinary Action Form with no associated time off. Transfer from Special Operations to Field Operations.

Deputy Chief _____ (Chief of Police)    **Date:** 5/5/2017

**Action Taken:** Written reprimand recorded on a Departmental Disciplinary Action Form with no

associated time off. Transfer from Special Operations to Field Operations.

**Officer's Statement:**

_____
Officer's Signature

Date Served: 5/5/15