IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:21-CV-491-BO

| | |
|---|---|
| PATRICK D. LANDS, | )<br>) |
| Plaintiff, | )<br>)<br>) **MOTION TO EXTEND TIME** |
| v. | ) **UNDER F.R. APP. P. 4(a)(5)**<br>) |
| CITY OF RALEIGH, | )<br>) |
| Defendant. | ) |

NOW COMES the Plaintiff, by and through undersigned counsel, and moves this Court under Rule 4(a)(5) to extend the time for filing the notice of appeal for one day from Friday, March 8, 2024, to Saturday, March 9, 2024, and to deem Plaintiff's Notice of Appeal timely filed. In support of this Motion, Plaintiff shows the Court the following:

1. The Court entered an Order (DE46) granting Defendant summary judgment on February 7, 2024.

2. The Clerk entered Judgment (DE47) that same day.

3. Plaintiff filed a Notice of Appeal (DE48) on March 9, 2024.

4. On Wednesday, March 27, 2024, Defendant's counsel notified Plaintiff's counsel that Defendant planned to file a motion to dismiss the appeal pending in the Fourth Circuit because it was untimely.

5. Plaintiff's counsel reviewed the matter and determined that in fact

the appeal should have been filed on March 8, 2024, instead of March 9, 2024, due to the fact that 2024 is a leap year and the month of February contains 29 days, instead of 28 days.

6. On Friday, March 29, 2024, Plaintiff's counsel notified Defendant's counsel of Plaintiff's intent to file this motion and sought Defendant's position. Defendant's counsel indicated that Defendant opposed this motion.

7. Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure provides that a Court may grant a motion to extend the time to file a notice of appeal if the motion is made no later, in this case than 30 days from March 8, 2024, and the party moving for the extension shows either excusable neglect or good cause.

8. This motion is made within 30 days from March 8, 2024, and plaintiff has good cause for its motion to extend the day to file the notice of appeal by one day.

9. Good cause is determined is determined "on a case-by-case basis within the discretion of the district court" and "courts have declined to give it a concrete definition." *Scott v. Md. State Dep't of Labor*, 673 F. App'x 299, 306 (4th Cir. 2016). *Accord Madden v. Texas,* 498 U.S. 1301, 1305 (good cause is a case-by-case determination with many relevant factors).

10. "Good cause is a legal term of art. *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 978 (1993) ("a cause or reason sufficient in law") (emphasis added). Generally, legal terms of art are given their established meaning in the legal context." *Robinson v. G D C, Inc.*, 193 F. Supp. 3d 577, 580 (E.D. Va. 2016) (citing *McDermott Int'l, Inc. v. Wilander*, 498 U.S. 337, 342 (1991).

11. Among the factors to be considered in determining whether good cause exists are the possibility of prejudice to the defendant, the length of the delay and its impact on the proceedings, whether the plaintiff sought an extension before the deadline, and prejudice to the plaintiff's pursuit of its case. *Id.*

12. Defendant was not prejudiced by the one day delay in the filing of the notice of appeal. A one day delay has even been held to constitute excusable neglect, a higher standard than "good cause." *See, e.g. Gordon v. TBC Retail Grp., Inc.,* No. 2:14-CV-03365-DCN, 2020 WL 5877065, at *2–3 (D.S.C. Oct. 2, 2020) (citing *Harman v. Unisys Corp.*, 356 F. App'x 638, 640 (4th Cir. 2009) (holding that the district court did not abuse its discretion when it allowed a party to file a motion response one day out of time, citing Rule 6(b)); *Stanley v. United States of Am.*, 2016 WL 631995, at *3 (D.S.C. Feb. 17, 2016) (finding a three-day delay in filing weighed in favor of finding

excusable neglect).

13. Plaintiff is seeking this extension within "the 30-day grace period," *Nasser v. WhitePages, Inc.*, No. 5:12CV00097, 2014 WL 3058570, at *4 (W.D. Va. July 2, 2014), provided under Fed. R. App. P. 4(a)(5), *id.*

14. Plaintiff has a meritorious appeal and will be prejudiced if the one day extension of time is not granted.

Therefore, for the foregoing reasons, Plaintiff respectfully moves this Court to grant its motion for a one day extension of time to file its Notice of Appeal and to deem the Notice of Appeal timely filed.

Respectfully submitted, this 29th day of March 2024.

| | |
|---|---|
| /S/ VALERIE BATEMAN | /S/ JUNE ALLISON |
| Valerie L. Bateman | June K. Allison |
| NC State Bar: 13417 | NC State Bar: 9673 |
| T: 919-810-3139 | T: 704-277-0113 |
| NEW SOUTH LAW FIRM | NEW SOUTH LAW FIRM |
| 209 Lloyd St., Ste 350 | 233 Laurel Avenue |
| Carrboro, NC 27510 | Charlotte, NC 28207 |
| valerie@newsouthlawfirm.com | june@newsouthlawfirm.com |

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **MOTION TO EXTEND TIME UNDER F. R. APP. P. 4(a)(5)** was served by filing the document electronically via the CM/ECF system, which will send notification of such filing to all counsel of record

This 29th day of March 2024.

/S/ VALERIE L. BATEMAN
Valerie L. Bateman
NEW SOUTH LAW FIRM
*Attorney for Plaintiff*