IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-491-BO

| | | |
|---|---|---|
| PATRICK D. LANDS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CITY OF RALEIGH, | ) | |
| Defendant. | ) | |

By order entered April 22, 2024, the Court denied plaintiff's motion to extend time to file notice of appeal under Fed. R. App. P. 4(a)(5). [DE 53]. The Court determined that plaintiff had failed to demonstrate excusable neglect for filing his notice of appeal one day beyond the deadline. On June 6, 2024, plaintiff filed the instant motion pursuant to Fed. R. Civ. P. 60 for relief from the order denying his motion to extend time to file a notice of appeal. Plaintiff specifically cites to Rules 60(a), 60(b)(1), 60(b)(6), and 60(c).

DISCUSSION

Rule 60(a) permits a court to correct clerical or other mistakes which arise from oversight or omission. Fed. R. Civ. P. 60(a). Where an appeal has been docketed and is pending, however, a court may only correct a mistake with leave of the court of appeals. *Id.*

Rule 60(b) permits a court, "[o]n motion and just terms," to relieve a party from a final judgment or order where there has been, among other things, "mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1); (b)(6). A party may bring a Rule 60(b)(1) motion to correct a judge's error of law. *Kemp v. United States*, 596 U.S. 528, 533-34 (2022); *see also Justus v. Clarke*, 78 F.4th 97, 108 (4th Cir. 2023) (Rule

60(b)(1) covers "judge's substantive mistake of law or fact") (citation omitted). A motion under Rule 60(b) must be filed within a reasonable time, which cannot exceed one year following the judgment or order from which the party seeks relief if the party moves under Rules 60(b)(1)-(3). Fed. R. Civ. P. 60(c).

Plaintiff argues that the Court erred when it did not consider whether good cause supported his request for an extension of time to appeal, citing the 2002 Amendments to Fed. R. App. P. 4(a)(5). Plaintiff does not ask the Court to correct a "blunder[] in execution[,]" but instead asks the Court to "change[] its mind," and thus Rule 60(a) is inapplicable. *Sartin v. McNair L. Firm PA*, 756 F.3d 259, 265 (4th Cir. 2014) (emphasis and citation omitted).

Defendant argues that plaintiff should have appealed the denial of his motion seeking an extension of time to appeal or filed a Rule 59(e) motion within twenty-eight days of entry the Court's order. The court of appeals has stayed its case to permit this Court to consider this jurisdiction-related question. [DE 54-1]. The Court will consider plaintiff's Rule 60(b) motion. Because plaintiff argues that the Court committed a mistake of law, his motion is properly considered under Rule 60(b)(1), rather than Rule 60(b)(6). *Justus*, 78 F.4th at 108.

The Rule applicable to extensions of time to file a notice of appeal in a civil case provides:

(5) *Motion for Extension of Time*.

(A) The district court may extend the time to file a notice of appeal if:
(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5).

In its order, the Court relied on *Thompson v. E.I. DuPont de Nemours & Company*, where the Fourth Circuit "join[ed] the overwhelming majority of our sister circuits in holding that the

2

'good cause' standard is only applicable to motions for enlargement of time filed within thirty days of the entry of judgment." 76 F.3d 530, 532 (4th Cir. 1996). Plaintiff argues that the 2002 amendment to Rule 4(a)(5)(ii) and its advisory committee note requires the Court to have considered both excusable neglect and good cause in deciding his motion to extend.

First, the Court is not convinced that it committed an error of law. Several district courts in this circuit continue to apply *Thompson*, and plaintiff has cited no controlling decision rejecting *Thompson*'s holding. *See, e.g., Losa v. Ghisolfi*, 484 F. Supp. 3d 268, 271 (E.D.N.C. 2020) ("The 'good cause' standard applies only to Rule 4(a)(5) motions filed before the expiration of Rule 4(a)(1)'s initial 30-day period."); *Morse v. Va. Dep't of Corr.*, Civil Action No. 3:21-cv-0168, 2024 U.S. Dist. LEXIS 80085, at *10 (E.D. Va. Apr. 30, 2024) (same); *Dennis v. Cartledge*, No. 0:14-4637-TMC, 2016 U.S. Dist. LEXIS 139640, at *2-4 (D.S.C. Oct. 7, 2016); *but see Okera v. Ozmint*, 328 F. App'x 235, 236 (4th Cir. 2009) ("The district court may extend the time to file a notice of appeal if a party moves for an extension within thirty days after expiration of the original appeal period and the party has shown excusable neglect or good cause warranting an extension.").

Second, the circumstances fail to satisfy the good cause standard, even if the Court were to have considered it. In this context, "'[g]ood cause' contemplates circumstances where fault is not an issue, and the need for an extension is caused by something beyond the appellant's control." *Dalenko v. News & Observer Pub. Co.*, 447 F. App'x 490, 491 (4th Cir. 2011) (considering Rule 4(a)(5)) (citing *United States v. Torres*, 372 F.3d 1159, 1161 n. 1 (10th Cir.2004)). Plaintiff has identified nothing outside his, or his counsel's, control which prevented him from noticing his appeal within the time provided by the Rules. Indeed, although plaintiff in his Rule 60 motion recounts his diligence, he fails to mention that it was not until he was advised by opposing counsel that a motion to dismiss the appeal as untimely was forthcoming that he filed the motion seeking

3

an extension. To the extent diligence is a factor, plaintiff has failed to demonstrate it in this instance.

Plaintiff cites a number of cases addressing the good cause standard in other contexts, such as Fed. R. Civ. P. 4(m)'s service deadline, to argue that he has demonstrated good cause. *See, e.g., Robinson v. G D C, Inc.*, 193 F. Supp. 3d 577, 580 (E.D. Va. 2016) ("Thus, 'good cause' as used in Rule 4(m) refers to a legally sufficient ground or reason based on all relevant circumstances."). But, while recognizing that good cause is a more lenient standard than excusable neglect, extension of the deadline to file an appeal has jurisdictional implications, unlike Rules 4 and 6 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 2107(c); *Nestorovic v. Metro. Water Reclamation Dist.*, 926 F.3d 427, 431 (7th Cir. 2019) (per curiam) ("While Rule 4(a)(5)(A) likewise contains this requirement, the jurisdictional nature of the limitation comes from its presence in § 2107, which lays out the requirements for seeking review in a court of appeals.") (citing *Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. 17 (2017)). Accordingly, the Court is not persuaded by cases considering only whether good cause exists in circumstances which do not concern a notice of appeal. Where the United States is not a party, a party has thirty days from the entry of judgment to notice an appeal. Plaintiff, due to his attorney's error in calculating the time, filed his notice of appeal after this deadline had expired. The Court has previously determined that he has not demonstrated excusable neglect, nor has he demonstrated good cause. Plaintiff has therefore not shown that he is entitled to relief from the Court's order denying his motion for extension of time.

Finally, to the extent consideration of Rule 60(b)(6) is necessary, plaintiff has not presented extraordinary circumstances which would justify relief from the Court's order denying his motion

4

for extension of time to appeal. *See Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011). Plaintiff's request for relief under Rule 60(b)(6) is denied.

## CONCLUSION

For the foregoing reasons, plaintiff's Rule 60 motion [DE 54] is DENIED.

SO ORDERED, this $\underline{20}$ day of August 2024.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE